United States District Court
District of Massachusetts

```
                                )
Jose Luis De Los Angeles Carela,)
                                )
          Petitioner,           )
                                )
          v.                    )    Civil Action No.
                                )    26-12873-NMG
David Wesling, et al.,          )
                                )
          Respondents.          )
                                )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

In his petition for writ of habeas corpus (Docket No. 1), petitioner Josue Luis De Los Angeles Carela ("Carela" or "petitioner") contends that he is being detained by David Wesling and other named respondents ("respondents") in violation of his due process rights. He avers that at his bond hearing, the Immigration Judge ("IJ") did not comport with due process standards when she found he was a danger to the community and denied his request for bond. Respondents ask the Court to deny the petition for failure to exhaust administrative remedies. For the reasons that follow, the petition will be **ALLOWED**.

## I. Facts

Carela is native and citizen of the Dominican Republic. In 2023 he entered the United States on a visa that has since expired. While in the country he met and eventually married

-1-

Mikaela De Los Angeles Hackney ("Hackney").  Before his detention, the couple lived in Providence, Rhode Island, and Carela was employed at a diner one hour's drive away from their residence.

During a snowstorm in February, 2026, Carela attempted to drive to work.  Fearing for his safety given the poor road conditions, Hackney took his car keys to prevent him from driving to work.  The pair got into a heated argument and Hackney called the police.  Carela was arrested and charged with simple assault and/or battery.

In June, 2026, Carela was arrested by Immigration and Customs Enforcement ("ICE") officers and detained at the Plymouth County Correctional Facility ("PCCF").  Soon thereafter he received a bond hearing in the Immigration Court in Chelmsford, Massachusetts.  At that hearing, the government argued that Carela was a danger to the community, relying on the assault and/or battery charge.  Counsel for petitioner disputed the probative value of the charge, noting that Hackney had submitted a letter explaining that the incident was not physical, that she was "simply looking for mediation" and that the charge had been dismissed.  Counsel also submitted evidence demonstrating his lack of prior criminal history and good standing in the community.

In an oral decision, the IJ denied bond after determining that Carela was a danger to the community based on

> the recency of [the assault/battery] offense, the fact that it was a physical altercation, the fact that the charges remain pending, and that there is a no contact order in place.

Carela remains detained at the PCCF.

## II.  Discussion

### A. Exhaustion

The government argues that the Court should deny the petition because Carela has failed to exhaust his administrative remedies by appealing the bond denial to the Board of Immigration Appeals ("BIA").  As the government acknowledges, because there is no applicable statutory exhaustion requirement, the common-law exhaustion standard applies.  That standard is more permissive and "cedes discretion to a court to decline the exercise of jurisdiction." Brito v. Garland, 22 F.4th 240, 255-56 (1st Cir. 2021) (internal quotations omitted).

> Administrative exhaustion of remedies

> serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency, and, thus, should customarily be enforced.

Portela-Gonzalez v. Sec'y of the Navy, 109 F.3d 74, 77 (1st Cir. 1997) (internal quotations omitted).  There are, however, circumstances in which "the interests of the individual weigh heavily against requiring administrative exhaustion." McCarthy v. Madigan, 503 U.S. 140, 144 (1992).

-3-

As relevant here, one such circumstance exists where a "particular plaintiff may suffer irreparable harm if unable to secure immediate judicial consideration of his claim." Id. at 147. Irreparable harm may be found where a petitioner will be incarcerated or detained pending the exhaustion of administrative remedies. See Brito, 22 F.4th at 256 ("[E]xhaustion might not be required if [the petitioner] were challenging her incarceration . . . or the ongoing deprivation of some other liberty interest.").

The government contends that excusing exhaustion of remedies is unwarranted but fails to provide any support for that contention. The Court is skeptical. Absent habeas relief, Carela will remain detained pending the appeal to the BIA, which, as petitioner notes, could continue for as long as six months. Such a prolonged and indefinite period of allegedly unlawful incarceration would cause irreparable harm to petitioner. That conclusion is consistent with similar cases brought against the government in the First Circuit. See, e.g., Miti v. Moniz, 2026 WL 884639, at *5 (D. Mass. Mar. 31, 2026); Picado v. Hyde, 2026 WL 352691, at *5-6 (D.R.I. Feb. 9, 2026). As such, the Court will not require exhaustion in this case.

### B. Due Process

#### i. Legal Standard

Before reaching the merits of the petition, the Court must address the question of jurisdiction. While 8 U.S.C. §1226(e) insulates an IJ's discretionary judgments from judicial review, constitutional challenges to detention are not barred by that provision. See Hernandez-Lara v. Lyons, 10 F.4th 19, 33-34 (1st Cir. 2021). As relevant here, to raise such a challenge, petitioner must

> either point to the language of the immigration judge's ruling indicating she applied the wrong standard of proof or demonstrate that the evidence itself could not — as a matter of law — have supported the immigration judge's decision to deny bond.

Ganzhi v. Moniz, 2026 WL 1194941, at *1 (D. Mass. May 1, 2026) (internal quotations omitted).

Under the latter approach, the Court may not grant relief simply because it disagrees with the IJ's weighing of the evidence. Nucamendiz v. Hyde, 2026 WL 221449 at *2 (D. Mass. Jan. 28, 2026). Rather, habeas relief is appropriate only if the IJ's decision to deny bond was "so arbitrary that it would offend fundamental tenets of due process." Diaz Ortiz v. Smith, 384 F. Supp. 3d 140, 144 (D. Mass. 2019). Put differently, petitioner must establish

> not only that his [IJ] erred but that, under the circumstances, no reasonable [IJ] could have come to the same conclusion.

-5-

Miti, 2026 WL 884639, at *6.

### ii. Discussion

The transcript of the bond hearing and accompanying order make clear that the IJ properly identified the applicable standard, i.e. the government needed to prove by clear and convincing evidence that petitioner is a danger to the community.  Petitioner must therefore demonstrate that the evidence itself could not have supported the decision to deny bond.  The Court finds that petitioner has made such a showing.

The IJ's finding of dangerousness is incompatible with the evidence presented at the bond hearing.  The IJ explained that her decision was based on the facts that: (1) the assault/battery charge was recent, (2) the fight was physical, (3) the charge was still pending and (4) the no contact order was still in place.[1]  Other than the recency of the offense, those findings are without support in the record.

The case summary from the state court, which was the only evidence DHS submitted, does not indicate that the altercation was physical, nor did DHS argue to that effect.  It contained no details about the facts leading up to the charge.  Indeed, all the summary showed was that an assault/battery charge had been

---

[1] Because the no-contact order is tied to the pendency of the charge, the Court will jointly analyze them.

-6-

filed against petitioner.   Assault, of course, does not require physical contact.

The petitioner, for his part, submitted a letter from Hackney providing context for the incident and insisting that he is not a threat to her or anyone else.  Petitioner's counsel also argued during the hearing that the incident was verbal and that Hackney was not in fear of petitioner at any point.  The evidence before the IJ uniformly indicated that the altercation was not physical yet she reached the opposite conclusion.  Such a finding was arbitrary and inconsistent with the record, suggesting that it constitutes a denial of petitioner's due process rights.

The conclusion that the charge and no-contact order were still pending does not fare much better.  The case summary did not indicate when it was prepared or if it was up to date, and counsel for the government could not definitively answer whether the charge had been dismissed, stating that it was pending "the last time [she] checked."  On the other hand, Hackney stressed in her letter and verbal statement that the charge had been dismissed.  Counsel for petitioner also noted that the charge had been dismissed and argued that the undated case summary could not be construed otherwise.

Nonetheless, in her decision the IJ stated (twice) that the charge was still pending without acknowledging that there was

-7-

conflicting evidence on the issue.  The IJ merely stated that she "consider[ed] the fact that [Hackney] has made a statement" but did not refer to the content of the statement.  Nor did she specify whether she was referring to the verbal or written statement.  Although the IJ "need not discuss ad nauseam every piece of evidence," the logic of her reasoning must be clear from the record. See Mayancela Mayancela v. FCI Berlin, Warden, 2025 WL 3215638, at *6 (D.N.H. Nov. 18, 2025) (quoting López-Gómez v. Bondi, 154 F.4th 1, 4 (1st Cir. 2025)).  Absent any indication that the IJ had meaningfully reviewed the evidence, this Court is unable to discern the logical underpinnings of the bond denial.

In sum, the Court concludes that the bond hearing for petitioner did not comport with due process.[2]

---

[2] The Court declines to address petitioner's claim that the IJ failed to consider alternatives to detention.

-8-

## ORDER

For the foregoing reasons, the petition is **ALLOWED**, in part, and **DENIED**, in part. Respondents are directed to provide petitioner with a bond hearing that complies with all constitutional requirements, on or before Friday, July 24, 2026. Respondents shall promptly file a status report confirming compliance with this Order. If bond is denied, Respondents shall, on or before Wednesday, July 29, 2026, file the exhibits presented to the IJ and the audio or transcript of the hearing. Respondents shall not retaliate against Carela, at the bond hearing or otherwise, for filing this petition.

**So ordered.**

Nathaniel M. Gorton
Senior United States District Judge

Dated: July 17, 2026